

1850 NORTH CENTRAL AVENUE, SUITE 1400
PHOENIX, AZ 85004-4568
TELEPHONE: 602-285-5000
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

JAMIE L. HALAVAIS (SHE/HER/HERS)
JHalavais@dickinsonwright.com
602-285-5095

April 16, 2024

Magistrate Judge Lee G. Dunst
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

   Re: *Chick v. GEICO General Ins. Co., et ano.*, Case No. 2:24-cv-01124-JMA-LGD

Dear Magistrate Dunst:

  Defendant GEICO General Insurance Company ("GEICO") respectfully submits this Letter Motion seeking an Order compelling appraisal of Plaintiff's total loss vehicle and staying this case pending the result of appraisal, which may be determinative of Plaintiff's alleged claims. The parties conferred by teleconference on April 15, 2024 in a good faith effort to resolve this dispute, but no resolution resulted from the conferral.

  Plaintiff now disagrees with the amount GEICO paid to settle his total loss vehicle claim. GEICO maintains that it paid Plaintiff at least what he was owed under the Policy. Plaintiff's GEICO automobile insurance Policy (the "Policy"), attached as Exhibit 1 to the April 16, 2024 Declaration of Jamie L. Halavais ("Halavais Decl."), provides a binding, contractual remedy to definitively determine the amount of loss and the actual cash value of a loss vehicle, once the Parties disagree as to the amount of loss. Thus, the parties' present dispute over the amount GEICO paid to settle Plaintiff's total loss vehicle claim should be resolved pursuant to the mandatory appraisal process in Plaintiff's Policy. It is quite possible appraisal will resolve this dispute, rendering Plaintiff's claims moot.[1] For example, if the appraisal determines the amount GEICO paid to settle Plaintiff's total loss vehicle claim is at least equal to what Plaintiff alleges he was owed, Plaintiff's claims would be mooted. Or if the appraiser determines GEICO underpaid Plaintiff's total loss vehicle claim by any amount, and if GEICO tenders that amount, the tendering of the amount would moot Plaintiff's claims. The mooting would raise serious issues of standing and questions about this Court's ongoing jurisdiction.

### I. THE FACTS SURROUNDING PLAINTIFF'S TOTAL LOSS VEHICLE CLAIM SUPPORT COMPELLING APPRAISAL OF PLAINTIFF'S LOSS VEHICLE

  Plaintiff alleges an accident rendered his 1998 Jeep Cherokee Classic, which was insured under Plaintiff's GEICO automobile insurance Policy, a total loss. Doc. 1, Compl. ¶ 81. After agreeing to and accepting GEICO's payment for his total loss vehicle claim, Plaintiff filed suit against GEICO. Plaintiff's Complaint attempts to allege GEICO's settlement of Plaintiff's total

---

[1] GEICO and each putative class member also have the contractual right to demand appraisal to conclusively determine the amount of loss and actual cash value of each putative class member's loss vehicle, which could render moot each putative class member's alleged claims as well.

DICKINSON WRIGHT PLLC

Hon. Lee G. Dunst
April 16, 2024
Page 2

loss vehicle claim breached the Policy and violated New York law, among other claims.  *See generally id.*, Counts I-V.[2]

In the Policy, the parties agreed GEICO's duty is to pay "for the amount of each *loss* less the applicable deductible."  Halavais Decl., Ex. 1, Policy at 16.  Plaintiff's Policy provides the limit of GEICO's liability in the event of a total loss is "the *actual cash value* of the property at the time of the *loss*."  *Id.* at 17.  Plaintiff's Complaint attempts to allege that although he accepted GEICO's payment, GEICO underpaid the actual cash value of his loss vehicle.  *E.g.*, Compl. ¶¶ 164, 166.[3]  Thus, the core issue in this case is whether the amount GEICO paid Plaintiff, and which Plaintiff accepted, undervalued the loss vehicle.  Plaintiff attempts to allege the settlement amount undervalued the vehicle, and GEICO disagrees.  In other words, the parties do not agree on the amount of loss.

The parties' dispute over the amount of the loss is the precondition that gives rise to the Policy's mandatory appraisal provision stating the parties' rights to demand appraisal:

> <u>If we and the *insured* do not agree on the amount of *loss*,</u> either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay their chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> We will not waive our rights by any of our acts relating to appraisal.

Halavais Decl., Ex. 1, Policy at 18 (underlined emphasis added, other emphases in original).  Once demanded, "appraisal is mandatory."  *Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 n.4 (2d Cir. 2019).

Plaintiff alleges his vehicle was in a collision that rendered it a total loss on or about August 10, 2023.  Compl. ¶ 81.  Plaintiff alleges GEICO sent him an initial estimate of the cost to repair his vehicle on August 17, 2023 and sent him a supplemental estimate on August 22, 2023, after which GEICO declared the vehicle a total loss.  *Id.* ¶ 82.  Plaintiff further alleges GEICO sent Plaintiff an estimate of the value of his loss vehicle on August 22, 2023 and sent Plaintiff the Total Loss Settlement Explanation on September 5, 2023, which explanation also noted that the estimate of the value of Plaintiff's loss vehicle was available for Plaintiff on GEICO's website.  *Id.* ¶¶ 83, 85.  Plaintiff agreed to settle his total loss vehicle claim for the amount GEICO offered.  Halavais Decl., Ex. 2, April 16, 2024 Decl. of Kevin Costigan ("Costigan Decl.") ¶ 4.  GEICO issued payment and Plaintiff accepted the payment GEICO issued to Plaintiff for the amount GEICO and

---

[2] GEICO does not concede Plaintiff's Complaint sufficiently alleges any of Plaintiff's alleged claims for relief and specifically reserves all rights to challenge the sufficiency of Plaintiff's allegations in a motion to dismiss any or all of Plaintiff's alleged claims for relief.

[3] *See supra* n.1.

DICKINSON WRIGHT PLLC

Hon. Lee G. Dunst
April 16, 2024
Page 3

Plaintiff agreed on to settle Plaintiff's total loss vehicle claim. *Id.* ¶ 5. Plaintiff does *not* allege he, at any point during the negotiation with GEICO over the value of his loss vehicle or any time thereafter, disputed or did not agree to the value of his loss vehicle. *See generally* Compl. Because he did not. Plaintiff did not—either before or after he accepted GEICO's payment in settlement of his total loss vehicle claim—indicate to GEICO that he disagreed with the value for which GEICO and Plaintiff agreed to settle Plaintiff's total loss vehicle claim. Halavais Decl., Ex. 2, Costigan Decl. ¶ 6.

GEICO first became aware Plaintiff disagreed with the value for which GEICO and Plaintiff agreed to settle Plaintiff's total loss vehicle claim after Plaintiff filed his Complaint against GEICO on February 13, 2024. *Id.* ¶ 7. GEICO therefore demanded appraisal of Plaintiff's total loss vehicle on February 29, 2024. Halavais Decl., Ex. 3, J. Halavais Letter to P.'s Counsel. On March 13, 2024, Plaintiff rejected GEICO's demand, despite the mandatory nature of the Policy's appraisal provision. Halavais Decl., Ex. 4, E. Coleman Letter to J. Halavais. Accordingly, GEICO now seeks to compel appraisal in light of the Policy's mandatory appraisal provision and to stay the case pending resolution of the appraisal, which may resolve some or all of Plaintiff's alleged claims.

## II. THIS COURT SHOULD COMPEL APPRAISAL

### A. COMPELLING APPRAISAL COMPLIES WITH THE POLICY AND NEW YORK'S STRONG PUBLIC POLICY FAVORING APPRAISAL

GEICO demanded appraisal pursuant to the Policy's mandatory appraisal provision shortly after Plaintiff filed his Complaint. Plaintiff's Complaint made clear—for the first time—that Plaintiff now disagrees with the amount GEICO paid to settle Plaintiff's total loss vehicle claim. Halavais Decl., Ex. 2, Costigan Decl. ¶¶ 4-7. GEICO disagrees and maintains it paid at least what Plaintiff was owed under his Policy to settle Plaintiff's total loss vehicle claim. Such "disputes, related to the extent and amount of the damage to the insured property, are factual questions that fall squarely within the scope of the policy's appraisal clause." *Quick Response Commercial Division, LLC v. Cincinnati Ins. Co.*, No. 1:14-cv-779 (GLS/DEP), 2015 WL 5306093, at *3 (N.D.N.Y. Sept. 10, 2015). Accordingly, because the parties "dispute the extent and dollar value of the loss, and not the scope of coverage provided by the policy," Plaintiff is "required to comply with the policy's appraisal provision." *Id.* at *4; *see also Phi Epsilon Building Ass'n of Alpha Chi Ro, Inc. v. RSUI Indem. Co.*, No. 5:18-cv-547 (GLS/ATB), 2020 WL 972365, at *1-2 (N.D.N.Y. Feb. 28, 2020) (compelling appraisal where "the only remaining issue is value"). Contrary to Plaintiff's statement that he is "well aware of the courts' decisions on this issue," Halavais Decl., Ex. 4, the Second Circuit has specifically held, in the context of an identical appraisal provision, "the appraisal provision here is not voluntary." *Milligan*, 920 F.3 at 152 n.4. "While the process need not be invoked by either the insured or insurer, either party may demand it; and once either does, ***appraisal is mandatory***." *Id.* (emphasis added).

New York public policy favors enforcement of appraisals. *Zarour v. Pacific Indem. Co.*, 113 F. Supp. 3d 711, 715 (S.D.N.Y. 2015). This is particularly so when "the dispute between the parties concerns the 'amount of loss,'" *id.* at 715-16, in this case, the value of Plaintiff's loss

DICKINSON WRIGHT PLLC

Hon. Lee G. Dunst
April 16, 2024
Page 4

vehicle. New York's pro-appraisal policy is reflected in the November 2014 amendment to section 3408(c) of the New York Insurance Law, providing that "[a]n appraisal shall determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage." *Id.* (quoting N.Y. Ins. L. § 3408(c)). In passing the amendment, the New York State Assembly specifically intended to encourage using appraisal as an efficient method to resolve valuation disputes, "Unfortunately, the Courts have taken a limited view as to what issues are subject to appraisal. This bill would clarify that the amount of the loss is a proper subject of arbitration. This change will result in substantial savings in litigation costs to both sides of a dispute." *Id.* (citation omitted). If the appraisal determines GEICO overpaid for the loss vehicle, Plaintiff's claims for relief are moot. If the appraisal determines GEICO underpaid but then GEICO tenders full payment, the alleged claims for relief are moot. If Plaintiff's alleged claims for relief are or become moot, Plaintiff lacks injury, this Court lacks jurisdiction to proceed, and the case is efficiently resolved. *Remauro v. Adams*, No. 21-CV-4553 (ARR) (TAM), 2022 WL 1525482, at *3 (E.D.N.Y. May 13, 2022) ("Importantly, a case must remain 'live' …'If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.'" (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013))).

To comply with the Policy's appraisal provision and New York's strong public policy favoring appraisal, this Court should compel Plaintiff to participate in the mandatory appraisal process to which he agreed when he contracted with GEICO.

## B. GEICO TIMELY DEMANDED APPRAISAL UNDER THE POLICY

The Policy's appraisal provision provides, "<u>If we and the ***insured*** do not agree on the amount of *loss*</u>, either may, within 60 days after proof of ***loss*** is filed, demand an appraisal of the ***loss***." Halavais Decl., Ex. 1, Policy at 18 (underlined emphasis added, other emphases in original). There is a condition precedent to triggering the Policy's appraisal provision—the parties must first disagree on the amount of loss. Plaintiff did not indicate at any time that he disagreed with the amount GEICO paid to settle his total loss vehicle claim until he filed his Complaint on February 13, 2024 challenging—for the first time—the amount GEICO paid to settle his claim. Halavais Decl., Ex. 2, Costigan Decl. ¶¶ 4-7. Therefore, the Policy's appraisal provision was triggered, at the earliest, on February 13, 2024. Because Plaintiff now disputes the amount GEICO paid to settle his total loss vehicle claim, GEICO timely demanded appraisal of Plaintiff's total loss vehicle on February 29, 2024. Halavais Decl., Ex. 3, J. Halavais Letter to P.'s Counsel.

The Policy's appraisal provision *could not* have been triggered any earlier. The Second Circuit has explained why, for example, an insurer's payment on a claim cannot be the trigger to demand appraisal: "then insurance companies are not going to send what they believe they owe promptly to people who need to replace their cars, they're gonna wait and litigate it, and . . . that doesn't make any sense at all." Recording of Oral Arg. at 19:03-19:25, *Milligan*, No. 18-1407-cv (2d Cir. Mar. 8, 2019), available at: https://ww3.ca2.uscourts.gov/decisions/isysquery/edd38cd5-8bf6-4a13-9378-0a07a4f21208/661-670/list/.

Because GEICO timely demanded appraisal pursuant to the Policy's appraisal provision, "appraisal is mandatory." *Milligan*, 920 F.3 at 152 n.4. This Court should therefore compel

Plaintiff to participate in the mandatory appraisal process to which he agreed when he contracted with GEICO.

### C. THIS COURT MUST STAY THE CASE PENDING RESOLUTION OF THE APPRAISAL

The Second Circuit has explicitly held, "[t]he appraisal process here," identical to the appraisal process in Plaintiff's Policy here, "constitutes arbitration for purposes of the [Federal Arbitration Act]." *Milligan*, 920 F.3d at 152. Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, ***the court in which such suit is pending***, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application of one of the parties ***stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement***, provided the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphases added); *see also Guarachi v. Aspen Specialty Ins. Co*., No. CV 21-1422 PA (MAAx), 2021 WL 6427658, at *6 (C.D. Cal. July 16, 2021) (holding FAA *requires* district court to stay entire proceeding pending appraisal if there is an issue referable to appraisal); *cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (explaining it "makes no sense for a trial to go forward" while issues are being resolved to determine if a trial is even needed (citation omitted)); *id.* at 743 (reasoning "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost" if the district court "move[s] forward with pre-trial and trial proceedings" pending resolution of arbitration issues).

Accordingly, this Court must stay this case pending resolution of the appraisal of Plaintiff's loss vehicle.

### III. CONCLUSION

Because GEICO timely demanded appraisal, and appraisal is mandatory once either party demands it, GEICO requests this Court grant the instant motion and enter an Order compelling appraisal of Plaintiff's loss vehicle and staying this case pending the result of the appraisal, which may resolve Plaintiff's alleged claims for relief in this lawsuit.

Sincerely,

DICKINSON WRIGHT PLLC

*/s/ Jamie L. Halavais*

*Attorneys for GEICO General Ins. Co.*