UNITED STATES DISTRICT COURT          <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JONATHAN CHICK, *on behalf on himself and all others*
*similarly situated*

                             Plaintiff,          **<u>MEMORANDUM & ORDER</u>**
                                        24-CV-01124 (JMA) (AYS)

           -against-

GEICO GENERAL INSURANCE COMPANY and CCC
INTELLIGENT SOLUTIONS, INC.

                             Defendants.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Presently before the Court is the objection by Defendant GEICO Insurance Company ("GEICO") to Magistrate Judge Lee G. Dunst's May 21, 2024, Order ("Order") that denied GEICO's motion to compel appraisal and stay this case.[1]  (<u>See</u> ECF No. 26.)  For the reasons set forth herein, GEICO's objections to the Order are OVERRULED.

## I.      BACKGROUND

**A.**    <u>Facts</u>

      The relevant facts are set forth herein and are undisputed.  GEICO issued to Plaintiff Jonathan Chick the automobile insurance policy numbered 4206357420, which covered Plaintiff's 1998 Jeep Grand Cherokee from March 10, 2023, through September 10, 2023 ("Policy").  (Policy, ECF No. 19-1 at 5.[2])  On August 10, 2023, the Jeep was involved in a collision and Plaintiff filed a claim for it under the Policy.  (<u>See</u> Compl., ECF No. 1 ¶ 81.)  The parties communicated about the claim over the next few weeks.  (<u>See</u> <u>id.</u> ¶¶ 81-83.)  On September 5, 2023, GEICO sent Plaintiff a "Total Loss Settlement Explanation Letter" and settled Plaintiff's claim by paying him

---

[1]      This case was later reassigned to Magistrate Judge Anne Y. Shields.  (<u>See</u> Order of Recusal, ECF No. 28.)

[2]      ECF No. 19-1 contains the declaration of Jamie L. Halavais and four attached exhibits.  Citations to ECF No. 19-1 identify the cited document and refer to the continuous ECF page numbering applied across the top of each page in that filing.

"$3,837.00 (before the addition of taxes and subtraction of Plaintiff's deductible)." (Id. ¶¶ 85-86);

see also N.Y. Comp. Codes R. & Regs. tit. 11, § 216.7 (explaining that a "total loss" occurs when

the insurer pays a "cash settlement" without covering repairs).

**B.  Procedural History**

On February 13, 2024, Plaintiff brought this action asserting GEICO and Defendant CCC

Intelligent Solutions, Inc. ("CCC") violated the Racketeer Influenced and Corrupt Organizations

Act, 18 U.S.C. § 1961 et seq. (See generally Compl., ECF No. 1.)  In sum, Plaintiff alleges that

GEICO relied on "fraudulent and deceptive CCC valuation reports" to "undervalue" GEICO

insurance policyholders' vehicles that suffered "total loss." (Id. ¶ 4; see id. ¶¶ 60-80 (alleging how

Defendants generally implemented the conspiracy).)  Plaintiff contends that Defendants subjected

him to that practice after he submitted his claim under the Policy. (See id. ¶¶ 81-124.)

On February 29, 2024, GEICO demanded that Plaintiff participate in appraisal of his loss.

(See Feb. 29, 2024 Letter, ECF No. 19-1 at 47-48.)  The demand invoked the following Policy

provision:

> If we and the *insured* do not agree on the amount of *loss*, either may, <u>within 60 days</u>
> <u>after proof of loss is filed</u>, demand an appraisal of the *loss*. In that event, we and the
> *insured* will each select a competent appraiser. The appraisers will select a
> competent and disinterested umpire. The appraisers will state separately the *actual*
> *cash value* and the amount of the *loss*. If they fail to agree, they will submit the
> dispute to the umpire. An award in writing of any two will determine the amount
> of *loss*. We and the *insured* will each pay their chosen appraiser and will bear
> equally the other expenses of the appraisal and umpire.

Id. at 47 (quoting Policy, ECF No. 19-1 at 21) (underlining added).  Plaintiff, however, declined

the appraisal. (See Mar. 13, 2024, Letter, ECF No. 19-1 at 50.)

On April 16, 2024, GEICO filed a motion directed to Judge Dunst to compel appraisal of

Plaintiff's loss and stay this case pending the outcome of that appraisal. (ECF No. 19.)  GEICO

argued that (among other things) its appraisal demand was timely because "the Policy's appraisal

provision was triggered, at the earliest, on February 13, 2024" given that "Plaintiff did not indicate at any time that he disagreed with the amount GEICO paid to settle his total loss vehicle claim until he filed his Complaint." (Id. at 4; but see ECF No. 23 (Plaintiff's arguments in opposition).)

Initially, Judge Dunst noted in the Order that "this *same* argument made by this *same* Defendant interpreting the *same* insurance policy has been rejected at least twice in this District." Chick v. Geico Gen. Ins. Co., No. 24-CV-01124, 2024 WL 2761698, at *1 (E.D.N.Y. May 21, 2024) (first citing See v. Gov't Employees Ins. Co., 2022 WL 2467695 at *15 (E.D.N.Y. Mar. 22, 2022) (Wicks, M.J.), report and recommendation adopted, 2023 WL 2731697 (E.D.N.Y. Mar. 30, 2023) (Chen, J.); and then citing Milligan v. GEICO General Ins. Co., 2017 WL 9939046 at *10 (E.D.N.Y. Jul. 14, 2017) (Brown, M.J.), report and recommendation adopted, 2018 WL 3632690 (E.D.N.Y. Mar. 31, 2018) (Azrack, J.)).

Judge Dunst then explained that two provisions of the Policy foreclose GEICO's timeliness argument. See id. at *2. The first states that "[s]uit will not lie against [GEICO] unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of loss is determined." (Policy, ECF No. 19-1 at 21.) The second requires the insured to "[f]ile with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require." (Id.) Consistent with prior decisions interpreting the same language, Judge Dunst concluded that "a plain reading" of the Policy "forecloses the possibility" that the filing of Plaintiff's complaint in this court "'exist[ed] both as a proof of loss, which is a condition precedent to . . . filing [the] complaint, as well as the complaint itself.'" Chick, 2024 WL 2761698, at *2 (quoting See, 2022 WL 2467695 at *15). Instead, "the proof of loss is the initial claim made by Plaintiff, and '[GEICO's] provision of claims payments after receiving proof of loss is, under the terms of the [Policy], the latest possible proof of loss date'" that triggers the sixty-day clock for

3

appraisal.  Id. (quoting See, 2022 WL 2467695, at *15); see id. at *2 n.1 (explaining that the Court need not determine whether the appraisal time limitation was triggered by Plaintiff's filing of the claim or GEICO's payment thereon because GEICO's appraisal demand is untimely in either case).  Thus, "the latest date that [GEICO] may have demanded appraisal was November 4, 2023, which is 60 days after Plaintiff received the claims payment on September 5, 2023."  Id. at *2.  As a result, Judge Dunst concluded that GEICO's motion was deficient because GEICO submitted its appraisal demand on February 29, 2024—117 days after Plaintiff received the claims payment.  Id.

GEICO filed objections to the Order, which Plaintiff opposed.  (ECF Nos. 26, 27, 29-1.)

## II.    LEGAL STANDARD

A district judge must consider timely objections to a magistrate judge's non-dispositive order and modify or set aside any part of the order that is clearly erroneous or contrary to law.[3]  FED. R. CIV. P. 72(a).  Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently."  Grief v. Nassau Cnty., 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (internal quotation marks omitted).  Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed."  Alexander v. S.C. State Conference of the NAACP, 144 S. Ct. 1221, 1240 (2024) (quoting Cooper v. Harris, 581 U.S. 285, 309 (2017)).  Generally, a decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  E.g., Galloway v. Cnty. of Nassau, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (internal quotation marks omitted).  That stated, "a magistrate judge's decision is contrary to [case] law only

---

[3]       A motion for appraisal constitutes a motion to compel arbitration.  See Milligan v. CCC Info. Servs. Inc., 920 F.3d 146, 152 (2d Cir. 2019).  Courts in this Circuit regularly conclude that motions to compel arbitration and stay litigation pending arbitration are non-dispositive.  See Puig v. City of New York, ___ F. Supp. 3d ___, No. 23-CV-08674, 2024 WL 2007829, at *1 n.1 (S.D.N.Y. May 7, 2024); Chen-Oster v. Goldman, Sachs & Co., 449 F. Supp. 3d 216, 227 (S.D.N.Y. 2020) (collecting cases), objections overruled, No. 10-CV-6950, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021).  Thus, the Order on GEICO's motion was non-dispositive.

where it runs counter to controlling authority." <u>Fritz v. LVNV Funding, LLC</u>, 587 F. Supp. 3d 1, 7 (E.D.N.Y. 2022) (quoting <u>Pall Corp. v. Entegris, Inc.</u>, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)). At bottom, the governing standard of review "is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion." <u>Id.</u> (quoting <u>Ahmed v. T.J. Maxx Corp.</u>, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015)).

## III.    DISCUSSION

GEICO contends that the Order was clearly erroneous and contrary to law in concluding that GEICO's appraisal demand was untimely and in declining to stay this case pending compulsory appraisal. Those arguments fall short. As explained below, GEICO does not meet its "heavy burden" to show that the Order contravened "controlling" authority, <u>Fritz</u>, 587 F. Supp. 3d at 7 (internal quotation marks omitted), or give the Court a "definite and firm conviction that a mistake has been committed." [4] <u>Alexander</u>, 144 S. Ct. at 1240 (internal quotation marks omitted).

First, GEICO contends that "appraisal is mandatory" under Second Circuit case law interpreting language identical to the Policy. (ECF No. 26 at 4, 9 (quoting <u>Milligan</u>, 920 F.3d at 152 n.4).) But GEICO's reliance on that excerpt from <u>Milligan</u> is misplaced. The Second Circuit expressly stated that it did "not decide" the issue here, namely, "whether GEICO timely demanded appraisal." <u>Milligan</u>, 920 F.3d at 154 n.6.

Second, GEICO asserts that "[t]he Order completely overlooks the Appraisal provision's triggering condition precedent and instead attempts to define what constitutes a proof of loss." (ECF No. 26 at 6; <u>see id.</u> at 6-9.) The Court disagrees. Judge Dunst's analysis and conclusion are sound—and mirror numerous judicial decisions, from in this district and outside of it, that

---

[4]     The undersigned will not address GEICO's arguments to stay this case (<u>see</u> ECF No. 26 at 10-11) given GEICO's failure to demonstrate the requisite entitlement to an appraisal.

interpreted the same language.  Compare Chick, 2024 WL 2761698, at *2, with See, 2022 WL 2467695, at *14-15, and Milligan, 2017 WL 9939046, at *9-10, and Davis v. GEICO Cas. Co., No. 19-CV-2477, 2020 WL 68573, at *3 (S.D. Ohio Jan. 7, 2020), and Greenberger v. GEICO Gen. Ins. Co., No. 05-C-5539, 2007 WL 9817910, at *7 (N.D. Ill. May 4, 2007); see also Langley v. Geico Gen. Ins. Co., No. 14-CV-3069, 2015 WL 10937554, at *2 (E.D. Wash. May 5, 2015) (concluding in the alternative that appraisal was barred by GEICO's untimely appraisal demand).

Third, GEICO argues that New York public policy favors compelling appraisal in lieu of litigation.  (ECF No. 26 at 9-10; see also Policy, ECF No. 19-1 at 27 (stating that the Policy is governed by New York law).)  That is true.  Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 199 (2d Cir. 2012).  But that public policy does not override the parties' agreed-upon time limit for demanding appraisal.  Under New York law, an appraisal must proceed "pursuant to the terms of the applicable appraisal clause."  Id. at 206 (quoting N.Y. INS. LAW § 3408(c)); see Sinclair Wyoming Ref. Co. v. Infrassure, Ltd, 970 F.3d 1317, 1324 (10th Cir. 2020) (holding that an appraisal under New York law must "abide by the governing contract"); Coral Crystal, LLC v. Fed. Ins. Co., No. 17-CV-1007, 2020 WL 5350306, at *5 (S.D.N.Y. Sept. 3, 2020) (holding that an appraisal under New York law must "stay within" the governing "contractual limits"); Glicksman v. N. River Ins. Co., 448 N.Y.S.2d 77, 79 (App. Div. 4th Dept. 1982) (reversing summary judgment dismissing case in favor of appraisal where "the parties did not follow the appraisal process contained in the insurance contract").  Consequently, New York's public policy favoring appraisal is relevant to the timeliness of an appraisal demand where—unlike here—the insurance policy is "silen[t] on a time limit for the appraisal demand."  Amerex, 678 F.3d at 199; see Howard Hughes Corp. v. Ace Am. Ins. Co., No. 650308/15, 2015 WL 6437580, at *4 (N.Y. Sup. Ct. Oct. 22, 2015) (finding appraisal demand untimely as to one insurance policy given its appraisal time limit, and

6

applying New York public policy to determine the timeliness of an appraisal demand as to another insurance policy that lacked an appraisal time limit); see also Chainless Cycle Mfg. Co. v. Sec. Ins. Co., of New Haven, 169 N.Y. 304, 310 (1901) (holding that appraisal "must be exercised within a reasonable period, depending upon the facts of the particular case" (emphasis added)).

## IV.    CONCLUSION

Because GEICO has not shown that the Order was erroneous (let alone clearly erroneous) or contrary to law, GEICO's objections to the Order are OVERRULED.

**SO ORDERED.**

Dated:   July 2, 2024
             Central Islip, New York

_____(/s/ JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
